UNTITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**(JURY TRIAL OF ALL ISSUES DEMANDED)**

-------------------------------------------------------------X

JOSE A. STRADA,

**SUMMONS ISSUED**
**COMPLAINT**

Plaintiff(s)

**CV11-5735**

-against-

Case #: CV_____

THE NEW YORK CITY POLICE DEPARTMENT. THE
NEW YORK CITY DEPARTMENT OF CORRECTIONS,
THE CITY OF NEW YORK, NEW YORK CITY JOHN DOE
POLICE OFFICERS, the identity and number of whom are
Unknown, both supervisory and junior officers, individually
And in their official capacity as New York City Police Officers,

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★  NOV 2 2 2011  ★

BROOKLYN OFFICE
**ROSS, J.**

Defendant(s)

-------------------------------------------------------------X

**POLLAK, M.J**

Plaintiff, by his attorneys, ISMAEL GONZALEZ & ASSOCIATES, LLC, as

and for his complaint against the defendants, respectfully sets forth as follows:

## JURISDICTION

FIRST:      This action is brought pursuant to 42 U.S.C. Section 1983 and the

First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and

Article 1 sections 6, 11, and 12 of the New York Constitution.  Jurisdiction is founded

upon 28 U.S.C. Sections 1331 and 1341(3) and (4), and the aforementioned statutory

and constitutional provisions.  Plaintiff further invokes the pendant jurisdiction of this

court to hear and decide claims arising under New York State Law.

## PARTIES

SECOND:      Plaintiff is at all times hereinafter relevant a resident of Queens

County and the State of New York.

THIRD:      The defendant THE CITY OF NEW YORK (hereinafter "CITY") is a

municipal corporation, duly organized and existing under and by virtue of the laws of the

3.      The defendant THE CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York, having its principal place of business in the County and City of New York City.

4.      The defendant THE NEW YORK CITY POLICE DEPARTMENT (hereinafter "NYPD") is an agency and/or branch of the defendant CITY, and that defendant CITY is responsible, as a matter of law, for the ownership, operation, management, and control of the police and all of its officers, agents, licensees, and employees and all acts thereof.

5.      The defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS (hereinafter "NYDOC") is an agency and/or branch of the defendant CITY, and that defendant CITY is responsible, as a matter of law, for the operation, management, and control of the police and all of its officers, agents, licensees, and employees and all acts thereof.

6.      At the time of the occurrences complained of herein, and at all times relevant hereto, defendant NEW YORK CITY JOHN DOE POLICE OFFICERS, both supervisory and junior officers, acted within the scope of their employment and under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the State and City of New York City.

7.      At the time of the occurrences complained of herein, and at all times relevant hereto, said defendants were acting individually and in their official capacities as New York City Police Officers and/or officials of defendant CITY, and/or officials of the NYDOC, pursuant to the direction of defendant CITY, and in furtherance of the scope of their employment and acting under color of law, and defendants were acting in

furtherance of the scope of their employment and acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the CITY, and/or the NYPD.

## INTRODUCTION

8.     This action is commenced by the plaintiff for pecuniary and punitive damages against defendants for committing acts under color of law and for depriving the plaintiff of his rights secured by the Constitution and laws of the United States and the State of New York and pendant State law claims.

9.     Plaintiff alleges that defendant NEW YORK CITY JOHN DOE POLICE OFFICERS was negligent in stopping and arresting the plaintiff and in taking him into custody, and further that defendants committed the following wrongful actions against the plaintiff including: assault, gross assault, wrongful detention, false arrest, false imprisonment, false accusations and charges, excessive physical force, gross excessive force, prima facie tort, malicious prosecution, abuse of process, and hate crimes, all in violation of the plaintiff's civil rights and the plaintiff's rights under 42 U.S.C. § 1983, and the common law and State and City law code, rules, and/or regulations. Plaintiff seeks compensation, *inter alia*, for the unconstitutional and tortuous conduct and brutality of the NEW YORK CITY JOHN DOE POLICE OFFICERS who are under a duty to protect citizens but failed to do so.

10.     The plaintiff seeks redress against the defendant CITY for customs, policies and practices that permitted, condoned, and contributed these NEW YORK CITY JOHN DOE POLICE OFFICERS from committing violent acts which constituted the most brazen acts of brutality. These NEW YORK CITY JOHN DOE POLICE OFFICERS acted with deliberate indifference to the constitutional rights of the plaintiff.

3

The plaintiff alleges that defendants the CITY and the NYPD were negligent in training, hiring, and supervising the defendant NEW YORK CITY JOHN DOE POLICE OFFICERS, thus leading to the negligent and improper acts complained of herein. Further, said occurrence was occasioned by the carelessness, recklessness, and negligence of the defendants and their agents, servants, licensees and/or employees, governing the operation, maintenance, management, and control of the NYPD in arresting and/or detaining the plaintiff against his will and without cause, and also falsely participating in said false arrest and detention, assault, failing to provide medical attention, failing to intercede to prevent wrongdoing, failing to properly supervise, and other mistreatment of the plaintiff.

11.     The extraordinary injuries inflicted upon the plaintiff are the result of the defendants' unconstitutional conduct and indifference. The policies, customs, and practices of defendant CITY were negligent in that the CITY tolerated and condoned violations of citizens' constitutional rights by refusing to properly train police officers for situations they will encounter; failing to investigate misconduct; and failing to punish instances of wrongdoing so as to act as a deterrent. The imposition of punitive damages against all defendants (with the exception of the City of New York), and other appropriate equitable relief will deter defendants in the future and hopefully bring an end to this intolerable cycle of violence.

12.     Prior to the filing of the within Complaint, the plaintiff filed a Notice of Claim on the defendants in compliance with the New York State Municipal Law § 50, et. seq.

13.     More than thirty (30) days have elapsed and defendants have failed and

4

refused to pay or adjust the claim. The plaintiff has complied with all conditions precedent, or that such conditions precedent that may be outstanding have been waived, or reserved by the CITY pursuant to Stipulation.

## FACTUAL ALLEGATIONS

14.    On or about November 7, 2009, at approximately 8:00 p.m., plaintiff JOSE A. STRADA was lawfully situated in the vicinity of 172nd Street and 109th Avenue in Jamaica, Queens.

15.    At the aforesaid time and place, the plaintiff was approached by plain clothes NEW YORK CITY JOHN DOE POLICE OFFICERS. He was then unlawfully stopped and falsely arrested. Plaintiff was forcefully knocked down to the ground and pounced upon by the NEW YORK CITY JOHN DOE POLICE OFFICERS. Plaintiff was held down by the NEW YORK CITY JOHN DOE POLICE OFFICERS, surrounded, and detained.  While in the process of purportedly taking the plaintiff into custody, the NEW YORK CITY JOHN DOE POLICE OFFICERS punched and kicked and beat plaintiff's body and head with their fists and police-issued firearms. While on the ground, the NEW YORK CITY JOHN DOE POLICE OFFICERS proceeded to continue punching and kicking the plaintiff and attacking and brutalizing him. At no time did the plaintiff resist arrest. After the plaintiff was lying on the ground, he was handcuffed by the NEW YORK CITY JOHN DOE POLICE OFFICERS. At that point, while the plaintiff was lying motionless, approximately 2 (two) other NEW YORK CITY JOHN DOE POLICE OFFICERS arrived at the scene. At this point, all 4 (four) NEW YORK CITY JOHN DOE POLICE OFFICERS continued to punch and kick the plaintiff's head and body with their fists and their police-issued firearms. Plaintiff continued to be severely beaten by the NEW YORK CITY JOHN DOE POLICE OFFICERS. The plaintiff became unconscious,

and was lying on the ground bleeding. Plaintiff was falsely arrested and falsely imprisoned, in violation of the Penal Code and his state and federal constitutional rights. The NYPD committed a prima facie tort against the plaintiff. Plaintiff experienced substantial pain and bleeding.

16.     The plaintiff was then taken to the 103rd Precinct in a police car, against his will, where he was imprisoned, without probable cause, by the New York City Police Department. There, at the 103rd Precinct and at Central Booking, members of the NEW YORK CITY DEPARTMENT OF CORRECTIONS beat and negligently detained the plaintiff for 2 days (48 hours). The plaintiff repeatedly requested medical attention and assistance. Eventually, the plaintiff was taken to Queens Hospital Center, where he was treated for a nasal bone fracture. Additionally, the plaintiff suffered from facial trauma, lacerations, permanent neurological damage, dizzy spells, loss of hearing, repeated nightmares, slow-slurred speech, and blurred vision as a result of having been punched and kicked multiple times to the head and body by the police officers both during and after his arrest.  At Queens Hospital Center, the plaintiff was treated for a fractured nose, and was given prescriptions for Afrin and Augnotin. Plaintiff then returned to the 103rd Precinct, and was later taken to Central Booking.

17.     On November 9, 2009, in the evening, the plaintiff finally appeared before a judge, and was released from custody on his own recognizance.

18.     Plaintiff was unlawfully stopped and searched, beaten, falsely imprisoned, falsely arrested, wrongfully detained, and maliciously prosecuted, in violation of his federal and state constitutional rights. The NEW YORK CITY JOHN DOE POLICE OFFICERS acted under color of state law. Plaintiff suffered a fractured nose, two black eyes, neurological damage, dizzy spells, loss of hearing, blurred vision, slurred speech,

6

cuts, bruises, contusions, severe headaches, and nightmares as a result of the actions of the NEW YORK CITY JOHN DOE POLICE OFFICERS. Plaintiff also suffered a loss of liberty, a loss of his well-being, infliction of emotional distress, loss of his reputation among members of the community, mental trauma, and defamation of character. Plaintiff seeks to recover money damages for his physical injuries, mental injuries, emotional injuries, pain and suffering, and medical expenses as a result of the actions of defendants. The brutal actions of the NEW YORK CITY JOHN DOE POLICE OFFICERS against the plaintiff were not within the scope of their responsibilities and employment, and were in violation of the plaintiff's civil and constitutional rights. Plaintiff sustained damages and serious injuries. Plaintiff was caused to suffer severe trauma, both physically and mentally. Plaintiff also suffered unconscionable trauma, debasement, and humiliation from being beaten, as well as from being publicly arrested and imprisoned without just cause or justification.

19.    Plaintiff was caused to sustain injuries that resulted in him receiving serious and repeated medical treatment. Plaintiff anticipates future medical treatment for his physical, psychological, and emotional injuries, and additional damages.

20.    To reiterate, on November 7, 2009, in the Borough of Queens, the NYPD subjected the plaintiff to an unwarranted, unjustifiable, unreasonable, and unlawful arrest and imprisonment. Plaintiff was accosted and harassment by the NEW YORK CITY JOHN DOE POLICE OFFICERS while he was lawfully in Queens in a public place. Plaintiff was subjected to a retaliatory, specious, false, and wrongful arrest and beating. Plaintiff was then incarcerated after the specious and wrongful arrest. The conduct of the NEW YORK CITY JOHN DOE POLICE OFFICERS demonstrated a deliberate indifference to the plaintiff's civil rights and due process, in violation of his

7

civil rights. Plaintiff was harassed and humiliated by the NEW YORK CITY JOHN DOE POLICE OFFICERS, and was subjected to verbal abuse by them, demonstrating a deliberate indifference and callous disregard by the NEW YORK CITY JOHN DOE POLICE OFFICERS of the legal rights of the plaintiff.

## AS AND FOR A FIRST CLAIM
### 42 U.S.C. § 1983
### UNREASONABLE AND EXCESSIVE FORCE

21.    Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "20" of this Complaint, with the same force and effect as if fully set forth herein.

22.    On or about November 7, 2009, the defendants, acting under color of law, without probable cause, just cause, provocation, or any reason to believe that the plaintiff was engaging in any criminal activity, assaulted and battered the plaintiff, and grossly assaulted, excessively assaulted, and committed aggravated assault against the plaintiff.  The defendants deprived the plaintiff of his constitutional right to be free from excessive and unreasonable force.

23.    By reason of the foregoing, the plaintiff was caused to suffer personal injury, ongoing physical injuries, pain and suffering, mental anguish, and apprehension and fear. Plaintiff has required hospitalizations and medical care, and has incurred past, and will incur future, medical and other expenses. Plaintiff has incurred lost earnings and earnings ability, and has otherwise been damaged and injured in an amount to be determined at trial.

## AS AND FOR A SECOND CLAIM
### 42 U.S.C. § 1983
### FALSE ARREST AND IMPRISONMENT

24.    Plaintiff repeats, reiterates, and re-alleges each and every allegation

8

contained in paragraphs "1" through "23" of this Complaint, with the same force and effect as if fully set forth herein.

25.     On November 7, 2009, the defendants, without just cause, negligently, wrongfully, willfully, maliciously, and unreasonably seized the plaintiff herein and deprived him of his liberty. The defendants subjected the plaintiff to unreasonable, unconscionable, unjustified, and unprovoked seizure and detention. The defendants subjected the plaintiff to false arrest and imprisonment, in violation of his rights guaranteed by the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983, and Article 1, sections 6, 11 and 12 of the New York State Constitution, and the common law of New York State.

26.     Upon information and belief, said actions were carried out and condoned by defendant CITY and defendant NYPD and their agents and employees, including various NEW YORK CITY JOHN DOE POLICE OFFICERS (both supervisory and junior officers), who were acting within the course or scope of their employment.

27.     Plaintiff was subjected to a violation and deprivation of his civil rights, permanent damage to his reputation and standing in the community, false arrest and imprisonment, and extreme physical, mental, and emotional harm and distress at the hands of defendant NEW YORK CITY JOHN DOE POLICE OFFICERS whose identities are unknown.

28.     By reason of the foregoing, the plaintiff was deprived of his liberty, and was subjected to ridicule, scorn and derision by those knowing of his detention. Plaintiff has been caused to suffer from ongoing physical injuries and mental anguish. Plaintiff has incurred past, and will incur future medical and other expenses, loss of earnings

9

and earnings ability, and was otherwise damaged and injured in an amount to be determined at trial.

**AS AND FOR A THIRD CLAIM**
**42 U.S.C. § 1983**
**DELAY AND DENIAL OF MEDICAL TREATMENT AND**
**FAILURE TO PROTECT WHILE IN CUSTODY**

29.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "28" of this Complaint, with the same force and effect as if fully set forth herein.

30.     On November 7, 2009, by their conduct and under color of law, defendant NEW YORK CITY JOHN DOE POLICE OFFICERS acted maliciously with deliberate indifference in failing to protect the plaintiff from violence while in police custody, and in failing to secure medical attention to the plaintiff required for his serious injuries. Defendants acted in a manner that deprived the plaintiff of his constitutional rights, and perpetuated and exacerbated the plaintiff's physical and mental pain and suffering. All of this was in violation of plaintiff's rights afforded him by the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, Article 1, section 6, 11, and 12 of the New York State Constitution, the common law of New York State, and the plaintiff's rights, privileges, and immunities secured to him by the United States Constitution and the laws of the State of New York.

31.     By reason of the foregoing, the plaintiff has been injured and has been caused to suffer personal injury, ongoing physical injury, and mental anguish. The plaintiff has also been caused to have incurred medical and other expenses, and loss of earnings and earnings ability, which are continuing, and has otherwise been damaged in an amount to be determined at trial.

10

## AS AND FOR A FOURTH CLAIM
### 42 U.S.C. § 1983
### FAILURE TO INTERCEDE

32.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "31" of this Complaint, with the same force and effect as if fully set forth herein.

33.     By their conduct and under color of law, defendant NEW YORK CITY JOHN DOE POLICE OFFICERS had the opportunity to intercede on behalf of the plaintiff to prevent the violence, excessive force, and unreasonable seizure and arrest perpetrated against the plaintiff. However, due to defendants' intentional conduct and deliberate indifference, the NEW YORK CITY JOHN DOE POLICE OFFICERS declined or refused to do so. Defendants' actions contributed to the deprivation of the plaintiff's rights suffered on November 7, 2009.

34.     By reason of the above, the plaintiff has suffered grave personal injuries, ongoing physical injuries, and mental anguish. The plaintiff has been caused to incur medical and other expenses, and loss of earnings and earnings ability, both past and future. The plaintiff has been damaged in an amount to be determined at trial.

## AS AND FOR A FIFTH CLAIM
### 42 U.S.C. § 1983
### SUPERVISORY LIABILITY

35.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "34" of this Complaint, with the same force and effect as if fully set forth herein.

36.     On November 7, 2009, the defendant, NEW YORK CITY JOHN DOE POLICE OFFICERS, at all times relevant herein, were supervisory personnel at the 103rd Precinct, with oversight responsibility for the more junior New York City Police

11

Officers. These supervisory police officers were responsible for the training, instruction, supervision, and discipline of the junior officers who brutalized the plaintiff. These supervisory police officers knew or should have known that these junior police officers posed a pervasive and unreasonable risk of harm to the plaintiff and to the public at large.

37.     These supervisory police officers knew, or in the exercise of due diligence should have known, that the conduct of the junior police officers against the plaintiff would likely occur and would be brutal and unlawful.

38.     These supervisory police officers failed to take preventative and remedial measures to guard against and/or prevent the brutality and violence perpetrated by the NEW YORK CITY JOHN DOE POLICE OFFICERS against the plaintiff. Had appropriate action and corrective measures been taken, the excessive force used by the NEW YORK CITY JOHN DOE POLICE OFFICERS would not have been used, and the plaintiff would not have been injured.

39.     The supervisory police officers engaged in misconduct, in that they failed to supervise and discipline the junior police officers. This constituted negligence, deliberate indifference, or intentional misconduct, which directly caused the deprivations suffered by the plaintiff.

40.     By reason of the foregoing, the plaintiff has suffered personal injury, unlawful confinement, and ongoing physical injuries and mental anguish. The plaintiff has incurred medical and other expenses, loss of earnings and earnings ability, past and present, and has otherwise been damaged in an amount to be determined at trial.

12

## AS AND FOR A SIXTH CLAIM
### 42 U.S.C. § 1983
### CONSPIRACY

41.     Plaintiff repeats, reiterates, and re-alleges each and every allegation
contained in paragraphs "1" through "40" of this Complaint, with the same force and
effect as if fully set forth herein.

42.     On November 7, 2009 and thereafter, defendants NYPD, NYCDOC, and
the NEW YORK CITY JOHN DOE POLICE OFFICERS (both supervisory and junior
officers), under color of law, conspired with one another to deprive the plaintiff of his
constitutional rights, including the right to be free from the intentional use of
unreasonable force, the right to be free from unreasonable search and seizure, the right
to associate and speak freely, the right to have access to seek redress in the courts and
to be free from false arrest, false imprisonment, and the delay and denial of medical
attention.

43.     As part of the conspiracy, the defendant NEW YORK CITY JOHN DOE
POLICE OFFICERS (both supervisory and junior police officers), did, among other acts,
falsely arrest and imprison the plaintiff, and physically assaulted the plaintiff while in
police custody.

44.     By reason of the foregoing, the plaintiff has suffered personal injury,
unlawful confinement, and ongoing physical injuries and mental anguish.  Plaintiff has
been caused to have incurred medical and other expenses, loss of earnings and
earnings ability, past and future, and has otherwise been damaged in an amount to be
determined at trial.

13

## AS AND FOR A SEVENTH CLAIM
## PENDENT CLAIM OF GROSS NEGLIGENCE AND NEGLIGENCE

45.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "44" of this Complaint, with the same force and effect as if fully set forth herein.

46.     The individual defendants and defendants NEW YORK CITY JOHN DOE POLICE OFFICERS have been grossly negligent and negligent in supervising, training and monitoring the misconduct of their fellow police officers who assaulted and perpetuated a crime against the plaintiff.

47.     By reason of the foregoing, the plaintiff has suffered personal injury, confinement, ongoing physical injuries, and mental anguish. The plaintiff has also been caused to have incurred medical and other expenses, loss of earnings and earnings ability, past and future, and damages in an amount to be determined at trial.

## AS AND FOR AN EIGHTH CLAIM
## PENDENT CLAIM OF ASSAULT AND BATTERY

48.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "47" of this Complaint, with the same force and effect as if fully set forth herein.

49.     Defendants willfully caused the plaintiff physical apprehension, non-consensual harmful and hurtful contact, and physical harm. The aforementioned actions of the defendants constituted assault and battery.

50.     Said acts of defendants were willful, unjustified, unwarranted, unprovoked, and unwanted, and were motivated solely by a desire to harm the plaintiff, without regard to the plaintiff's well-being. They were not for any lawful purpose.

51.     By reason of the foregoing, the plaintiff has suffered personal injury,

14

apprehension and fear, confinement, ongoing physical injuries and mental anguish, and has incurred medical and other expenses, past and future, loss of earnings and earnings ability, past and future, and has otherwise been damaged in an amount to be determined at trial.

## AS AND FOR A NINTH CLAIM
## PENDENT CLAIM OF FALSE ARREST AND FALSE IMPRISONMENT

52.    Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "51" of this Complaint, with the same force and effect as if fully set forth herein.

53.    Defendants, without provocation, sufficient cause, or reason, subjected the plaintiff to an unlawful detention, arrest, and imprisonment. The aforementioned actions of the defendants on November 7, 2009 constituted false arrest and false imprisonment.

54.    By reason of the foregoing, the plaintiff has suffered confinement, ongoing physical injuries and mental anguish, and has been caused to have incurred medical and other expenses, loss of earnings and earnings ability, and has been damaged in an amount to be determined at trial.

## AS AND FOR A TENTH CLAIM
## PENDENT CLAIM OF MALICIOUS PROSECUTION

55.    Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "51" of this Complaint, with the same force and effect as if fully set forth herein.

56.    Defendants knew that there was no basis for the institution and prosecution of criminal charges against the plaintiff on November 7, 2009. The aforementioned actions of the defendants constituted malicious prosecution.

57. By reason of the foregoing, the plaintiff was deprived of his liberty, and was subjected to ridicule, scorn, and derision by those knowing of his detention. The plaintiff has been caused to suffer from ongoing physical injuries and mental anguish and incurred past, and will incur future, medical and other expenses, loss of earnings, and earnings ability and was otherwise damaged and injured, in an amount to be determined at trial.

### AS AND FOR AN ELEVENTH CLAIM
### PENDENT CLAIM OF ABUSE OF PROCESS

58. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "57" of this Complaint, with the same force and effect as if fully set forth herein.

59. Defendants used their positions of authority to institute and perpetuate false and misleading charges against the plaintiff. The aforementioned actions of the defendants constituted abuse of process.

60. By reason of the foregoing, the plaintiff was deprived of his liberty, and was subjected to ridicule, scorn, and derision by those knowing of his detention. The plaintiff has been caused to suffer from ongoing physical injuries and mental anguish and incurred past, and will incur future, medical and other expenses, loss of earnings, and earnings ability and was otherwise damaged and injured, in an amount to be determined at trial.

### AS AND FOR A TWELFTH CLAIM
### PENDENT CLAIM OF NEGLIGENT HIRING AND RETENTION

61. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "60" of this Complaint, with the same force and effect as if fully set forth herein.

16

62.    Defendants were negligent in the hiring and retention of the supervisory and junior NEW YORK CITY JOHN DOE POLICE OFFICERS. The aforementioned actions of the defendants constituted negligent hiring and retention.

63.    By reason of the foregoing, the plaintiff was deprived of his liberty, and was subjected to ridicule, scorn, and derision by those knowing of his detention. The plaintiff has been caused to suffer from ongoing physical injuries and mental anguish and incurred past, and will incur future medical and other expenses, loss of earnings, and earnings ability and was otherwise damaged and injured, in an amount to be determined at trial.

### AS AND FOR A THIRTEENTH CLAIM
**PENDENT CLAIM FOR NEGLIGENCE INCLUDING FAILING TO CARE, PROTECT, AND OBTAIN MEDICAL TREATMENT FOR THE PLAINTIFF**

64.    Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "63" of this Complaint, with the same force and effect as if fully set forth herein.

65.    The various NEW YORK CITY JOHN DOE POLICE OFFICERS, whose identities are to become known, had a duty to care, protect, and obtain medical treatment for the plaintiff while in their custody.

66.    Defendants knew or should have known about the severe injuries the plaintiff had suffered, and were negligent in their failure to protect him from further injury. Defendants' failure was unconscionable, as their denial and delay in allowing the plaintiff access to medical treatment and transport to a hospital only further exacerbated the plaintiff's condition.

67.    Defendants were negligent in all of their interactions with the plaintiff, including but not limited to their initial contact, subsequent contact, apprehension of

17

plaintiff, and use of police-issued equipment on the plaintiff. Defendants were negligent in their use of force to apprehend and/or detain the plaintiff and in otherwise placing the plaintiff into custody and issuing a summons to him. Defendants' subsequent interaction with plaintiff and initial refusal to take him to the hospital was also negligent.

68.     Defendants were negligent in failing to properly issue legal process, and in failing to assist a citizen whom they knew or should have known required assistance and for whom a special duty had been created. In addition, defendants failed to comply with police custom, practice and usage, as well as the NYPD Patrol Guide, in all of their interactions with the plaintiff. This included but was not limited to their initial contact, subsequent contact, apprehension of plaintiff, and in their use of police-issued equipment and  use of force to apprehend and/or detain the plaintiff and in otherwise placing the plaintiff into custody, issuing a summons, and subsequent interactions with plaintiff.

69.     By reason of the foregoing, the plaintiff was deprived of his liberty, and was subjected to ridicule, scorn, and derision by those knowing of his detention. The plaintiff has been caused to suffer from ongoing physical injuries and mental anguish and incurred past, and will incur future, medical and other expenses, loss of earnings and earnings ability, and was otherwise damaged and injured, in an amount to be determined at trial.

**WHEREFORE**, the plaintiff demands judgment against the defendants:

a)     For the First through the Thirteenth Claims in the total amount of $10,000,000.00;

b)     For punitive damages (except against The City of New York);

c)     For reasonable attorneys' fees;

18

d)     For costs; and

e)     For such other and further relief as this Court deems just, equitable, and

proper.

Dated:     New York, New York
                November 2i, 2010

                                            **ISMAEL GONZALEZ**
                                            **& ASSOCIATES, LLC**
                                            Attorney for Plaintiff
                                            152 West 36th Street
                                            Suite 202
                                            New York, New York 10018
                                            (212) 465-1500

                                            /s/_____
                                              Ismael Gonzalez